## DIER ET AL., INDIVIDUALLY AND AS COPART-NERS UNDER THE FIRM NAME OF E. D. DIER & COMPANY, ET AL., *v.* BANTON, DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 330. Argued April 17, 1923.—Decided May 7, 1923.

1. One who has been adjudged an involuntary bankrupt and has complied with an order requiring him to turn over his books and papers to a receiver is not privileged by the Fourth and Fifth Amendments to prevent their production by the receiver before a grand jury in a state court upon the ground that he might thus be incriminated. P. 149.
2. Books and papers in the possession of a receiver in bankruptcy appointed by a federal court cannot be taken by a subpœna issuing from a state court, unless the federal court, exercising its discretion with due regard for comity, shall consent. P. 151.

279 Fed. 274, affirmed.

APPEAL from an order of the District Court discharging a rule *nisi* and refusing to enjoin the production of books and papers, in the custody of its receiver in bankruptcy, before a grand jury in a state court.

*Mr. Nash Rockwood* for appellants.

It will be noted that the petition in bankruptcy was an involuntary proceeding instituted by creditors, and that when the receiver, upon appointment, took possession of the books, records and documents of the alleged bankrupts, he did so wholly under the specific order of the court. This was not such a delivery of the books by the bankrupts as constituted a waiver of their constitutional rights. If they had interfered with the receiver in obtaining possession of the books, it would have been a contempt of court. The order of the court, which was wholly *ex parte,* did not in any way protect or seek to

protect the constitutional privileges of the alleged bankrupts. In this respect the order differed materially from the order of the District Court in *Matter of Harris,* 221 U. S. 274.

A trustee under the Bankruptcy Act has title, whereas a receiver is only an arm of the court, to hold possession without title, and his possession is the possession of the bankrupts. *In re Hess,* 134 Fed. 109. See *Counselman* v. *Hitchcock,* 142 U. S. 547; *Brown* v. *Walker,* 161 U. S. 591; *Ensign* v. *Pennsylvania,* 227 U. S. 592.

The bankrupts' objection to the use of the books in the criminal prosecution by the District Attorney of New York County was made in due time.

Let us assume that the petition in bankruptcy had been dismissed, then the bankrupts would again have been entitled to possession of their books. Could it be held that, because the books had temporarily passed into the legal possession of the receiver, their constitutional rights with reference to criminal proceedings had been waived? *Johnson* v. *United States,* 228 U. S. 457; *Boyd* v. *United States,* 116 U. S. 616; *Weeks* v. *United States,* 232 U. S. 383; *Flagg* v. *United States,* 233 Fed. 481; *Silverthorne Lumber Co.* v. *United States,* 251 U. S. 385; *Amos* v. *United States,* 255 U. S. 313.

The order is appealable to this Court.

*Mr. Joab H. Banton* and *Mr. John Caldwell Myers* appeared for Banton, District Attorney, appellee.

*Mr. Saul S. Myers, Mr. Walter H. Pollak* and *Mr. William J. Hughes* appeared for Ehrich, Trustee in Bankruptcy, appellee.

Mr. CHIEF JUSTICE TAFT delivered the opinion of the Court.

This appeal is from an order of the District Court for the Southern District of New York discharging a rule *nisi* and

refusing an injunction. On January 14, 1922, a petition in involuntary bankruptcy was filed against Elmore D. Dier and others, partners, as E. D. Dier & Company. Two days after the filing of the petition, Manfred W. Ehrich was appointed Receiver of the estate of the alleged bankrupts, and they and their servants were directed to turn over all their property, assets, account books and records and were restrained from suing out of any other court any process to impound or take possession of them. This order was complied with and the Receiver took possession of the books and papers of the alleged bankrupts and of the firm. On February 16th, Dier informed the court that the District Attorney of New York County had applied to the Receiver for the production of these books and papers before the Grand Jury, and asked for the rule *nisi* against the Receiver and the District Attorney, and upon a hearing thereof an injunction to prevent the use of such books and papers against him before the Grand Jury, on the ground that they would incriminate him and that his right to refuse to testify against himself under the Fourth and Fifth Amendments would thus be violated by the process of the Federal District Court. Judge Learned Hand, sitting in bankruptcy, discharged the rule and refused to enjoin the proposed use of the books. Judge Hand's action was based on the ruling of this Court in *Johnson* v. *United States,* 228 U. S. 457. He quoted the language used in the *Johnson Case,* "A party is privileged from producing the evidence but not from its production." He alluded to the circumstance that in the *Johnson Case* there were both title and possession in the Trustee, whereas in this case, the books and papers were in the hands of the Receiver who has no title but that, he said, made no difference. We agree with this view and hold that the right of the alleged bankrupt to protest against the use of his books and papers relating to his business as evidence against him ceases as soon as his pos-

session and control over them pass from him by the order directing their delivery into the hands of the Receiver and into the custody of the court. This change of possession and control is for the purpose of properly carrying on the investigation into the affairs of the alleged bankrupt and the preservation of his assets pending such investigation, the adjudication of bankruptcy *vel non*, and if bankruptcy is adjudged, the proper distribution of the estate. It may be that the allegation of bankruptcy will not be sustained, and in that case, the alleged bankrupt will be entitled to a return of his property including his books and papers; and when they are returned, he may refuse to produce them and stand on his constitutional rights. But while they are, in the due course of the bankruptcy proceedings, taken out of his possession and control, his immunity from producing them, secured him under the Fourth and Fifth Amendments, does not enure to his protection. He has lost any right to object to their use as evidence because, not for purpose of evidence, but in the due investigation of his alleged bankruptcy and the preservation of his estate pending such investigation, the control and possession of his books and papers relating to his business were lawfully taken from him.

It is pressed upon us that the bankrupt may prevent the use of such books and papers taken over by a receiver in the bankruptcy proceedings for evidence in a criminal case in the state court by resisting surrender and protesting against their use for such a purpose at the time the Receiver took possession. But we think the alleged bankrupt has no such right. We so held in *Ex parte Fuller, ante,* 91, in which it was sought to attach conditions of this kind to the turning over of the books and papers of a bankrupt to the Trustee in Bankruptcy. We are of opinion that the same principle must apply to the delivery of the books and papers relating to the bankrupt's business and property included in the estate into the custody of the Receiver of the Bankruptcy Court.

Of course, where such books and papers are in the custody of the Bankruptcy Court, they can not be taken therefrom by subpœna of a state court except upon consent of the federal court. In granting or withholding that consent the latter exercises a judicial discretion dependent on the circumstances, and having due regard to the comity which should be observed toward state courts exercising jurisdiction within the same territory. *Ponzi* v. *Fessenden,* 258 U. S. 254, 259. All we hold here is that the court below having exercised discretion to allow the use of the books and papers in the custody of its officer upon subpœna by another court, the alleged bankrupt's rights under the Fourth and Fifth Amendments have not been violated.

*Order affirmed.*