WHAN et al. v. GREEN STAR S. S. COR-
PORATION.

In re CONTINENTAL INS. CO. et al.
No. 146.

Circuit Court of Appeals, Second Circuit.
February 3, 1930.

M. E. Harby, of New York City, for appellants.

Bigham, Englar & Jones, of New York City (Charles F. Quantrell, D. Roger Englar and P. J. Kooiman, all of New York City, of counsel), for Green Star Steamship Corporation.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne, of New York City, of counsel), for receiver.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

With the appellants' general assertion that the principle of comity requires a federal court, whose receiver has possession of documents, to facilitate in every proper manner the production of evidence required for litigation pending in a state court, we are in thorough accord. See Dier v. Banton, 262 U. S. 147, 151, 43 S. Ct. 533, 67 L. Ed. 915. The existence of a federal receivership should not be allowed to hamper litigants in a state court from securing their evidence, provided production or examination of the receiver's books and papers can be had without interference with due administration of the receivership. On the other hand, the accident of a federal receivership should give state litigants no greater rights to procure evidence before trial than they would have, if the receivership did not exist. The state court, which has the main suit before it, ought in general to be able to proceed unimpeded by the federal receivership, but nothing more should follow from the fact of a

receivership. Therefore we think that the granting by the District Court of a motion for examination of the receiver's books before trial should depend, where, as here, there is no suggestion that such examination would interfere with administration of the receivership, upon a ruling of the state court. Whether the books should be examined before trial is a question of state practice. Decisions as to federal practice have nothing to do with it. Many state cases, we are told, have denied the right to examine before trial witnesses who are not parties to the suit; other cases, it is claimed, have recognized the right where special circumstances indicate that justice requires such an examination. Whether such special circumstances exist in the litigation now pending in the state court should be decided by that tribunal, which is familiar with the issues being litigated, rather than by the District Court, where these issues are but incidentally involved. If the state court shall direct examination of the receiver or of his books, then on a renewal of the appellants' motion the District Court should make the desired order.

■ It was urged upon the argument that the application to the District Court should be considered as a bill for discovery in aid of the state suit. Whether a motion in receivership proceedings supported by affidavit may be deemed the equivalent of a formal bill of discovery we need not say. If it were, no authority has been cited to show that a bill of discovery will lie against a mere witness, who has no interest in the main suit. All the authorities which we have discovered on a somewhat cursory examination indicate clearly that it will not lie. Burgess v. Smith, 2 Barb. Ch. (N. Y.) 276, 280; Post v. Boardman, 10 Paige (N. Y.) 580, 582; American Security & Trust Co. v. Brooks, 225 Mass. 500, 502, 114 N. E. 732; Norwood v. Memphis & C. R. Co., 72 Ala. 563, 566; Burchard v. MacFarlane [1891] 2 Q. B. D. 241; Story, Eq. Pl. § 569; 18 C. J. 1063.

It is conceded that the books may be used upon the trial if a subpoena duces tecum shall issue from the state court for their production. The appellants express the fear that the order appealed from, if unreversed, may be construed as forbidding such production in response to a subpoena subsequently issued. Any such danger may be obviated by our mandate.

For the foregoing reasons, the judgment is affirmed, and it is ordered that the mandate shall provide upon its face that the affirmance is without prejudice to a new application to the District Court in aid of any order or subpoena issued by the state court for the production of the receiver's books and papers, either upon the trial of the action or for examination before trial.