**In re MOODY.**
No. 1829.

District Court, S. D. Texas, Galveston Division.
May 28, 1934.

Gainer B. Jones and Huggins, Kayser & Liddell, all of Houston, Tex., for National Bank of Commerce.

Fred W. Moore, of Houston, Tex., for R. Wayne Lawler, receiver.

McDonald & Wayman, of Galveston, Tex., for bankrupt.

KENNERLY, District Judge.

This is a hearing on the motion of R. Wayne Lawler, Esq., State Court Receiver (referred to for brevity as receiver) of Moody-Seagraves Company, a corporation (referred to for brevity as company), to quash a subpœna duces tecum, issued and served upon him in this cause, directing him to produce before a referee in bankruptcy sitting as special master, in a hearing on the opposition of the National Bank of Commerce of Houston (referred to for brevity as creditor) to bankrupt's petition for discharge, certain books, papers, etc., belonging to company, and in his custody as such receiver.

The record before me shows that creditor has heretofore applied to the state court for an order directing receiver to allow creditor "to inspect and examine each and all of the books, records, documents and files" of company in the receiver's hands, and its application has been denied.[1] Thereafter creditor caused the subpœna

---

[1] The order of the state court is as follows:

"On the 4th day of April, A. D. 1934, there came on for hearing the motion of The National Bank of Commerce of Houston, Texas, that an order be entered herein directing the Honorable R. Wayne Lawler, Receiver of Moody Seagraves Company, to permit said The National Bank of Commerce of Houston, Texas, its servants, agents and employees, to inspect and examine each and all of the books, records, documents and files of the said Moody Seagraves Company in the possession of said Receiver, and The National Bank of Commerce of Houston, Texas, having appeared by its attorney, and the Honorable R. Wayne Lawler, Receiver of Moody Seagraves Company, having appeared in person, and the Court having heard and duly considered said motion and the argument of counsel for The National Bank of Commerce of Houston, Texas, is of the opinion that said Motion should be over-ruled and the relief prayed for therein should be denied.

"Now, therefore, it is hereby ordered, adjudged and decreed that said motion be and it is hereby over-ruled and the relief prayed for therein is hereby denied."

duces tecum complained of to be issued and served on the receiver.

Such subpœna duces tecum was not issued under an order of this court, but apparently in the following manner:

The clerk of this court had, prior to its issuance, furnished the referee in bankruptcy signed blank subpœnas, and the referee, upon request of creditor, filled out one of such blanks as a subpœna duces tecum, and it was served on the receiver.

On the face of the record presented, it seems important, for the protection of the rights and interests of creditor, to have some, or all, of the books and papers of company before the referee at such hearing.

1. The situation presented may be aptly described by quoting from the language of Chief Justice Taft in Ponzi v. Fessenden, 258 U. S. 254, 259, 42 S. Ct. 309, 310, 66 L. Ed. 607, 611, 22 A. L. R. 879, as follows: "We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure."

■ While it is true that books and papers in the custody of a receiver of a court of one jurisdiction may not be taken from the hands of such receiver by subpœna of a court of another jurisdiction (Dier v. Banton, 262 U. S. 147, 43 S. Ct. 533, 67 L. Ed. 915, 917), it is likewise true that the principle of comity calls for a court whose receiver has possession of books, papers, etc., needed in the trial of cases in a court of another jurisdiction, to facilitate, in a proper manner, the production thereof in such court. Dier v. Banton, supra; Whan v. Green Star (C. C. A.) 38 F.(2d) 68. A receiver of one court should not be allowed to prevent litigants in a court of another jurisdiction from securing evidence afforded by books and papers in his possession, if such evidence can be secured without undue interference with the administration of the receivership. On the other hand, the existence of such a receivership should not give litigants in other courts greater rights in securing evidence than they would have if the receivership did not exist. Whan v. Green Star, supra.

As said in Ponzi v. Fessenden, supra, each court has jurisdiction within certain bounds and a duty to exercise such jurisdiction so as to protect the rights of all litigants in both courts.

■ Applying now the foregoing principles to the situation here. This court (its judge) being familiar, through pleadings on file, with the issues being litigated before it in this case, should first determine, on proper application of creditor, and after notice to the bankrupt and other persons interested, if any, what books, papers, etc., if any, in the possession of receiver, are material and relevant, and creditor would be entitled, were there no receivership, to have brought before the referee. While apparently receiver is not concerned in the materiality and relevancy, as between creditor and bankrupt, of such books and papers, the better practice is probably to give receiver notice of such hearing. If creditor is found entitled to have before the referee any such books, papers, etc., this court should then direct the issuance of proper subpœna, etc., or other process for the receiver. The creditor should, coincident with the issuance and service on the receiver of such process, apply to the state court for an order, directing its receiver to produce such books, papers, etc.; it being exclusively within the jurisdiction of the state court to determine whether the business of the receivership will be unduly interfered with by the production by the receiver of the books, papers, etc., called for in such process. Ponzi v. Fessenden, supra; Dier v. Banton, supra.

■ Should the state court permit any of such books, papers, etc., to be produced before this court, the question of the examination thereof by creditor prior to the hearing before the referee would then become one regulated by the practice in this court or by the orders of this court. Whan v. Green Star, supra.

From what has been said, it follows that the motion of receiver to quash the subpœna duces tecum issued should be grant-

ed, but without prejudice to the rights of the creditor to proceed as herein indicated. Let an order be prepared and presented accordingly.