**UNITED STATES of America,
Appellant,**

v.

**Ernest M. GREELY, Appellee.**

No. 22859.

United States Court of Appeals
District of Columbia Circuit.

Decided May 27, 1969.

Mr. Allan M. Palmer, Washington, D. C., was on the motion for appellee.

Messrs. David G. Bress, U. S. Atty. at the time the opposition was filed, Frank Q. Nebeker, Asst. U. S. Atty. at the time the opposition was filed, and Thomas C. Green, Asst. U. S. Atty., were on appellant's opposition to the motion.

Before WRIGHT, McGOWAN and ROBINSON, Circuit Judges, in Chambers.

PER CURIAM:

Appellee Greely has been charged with various crimes in connection with a felony murder—liquor store robbery case. He filed a motion to suppress eyewitness identification testimony as being both the fruit of an illegal arrest and the result of an identification process so suggestive as to violate due process. After an evidentiary hearing in the District Court, the evidence was ordered suppressed on September 3, 1968. The Government has noted an appeal from that order under a provision of the 1968 Omnibus Crime Control and Safe Streets

Act,[1] and the appeal is now pending in this court.

On February 18, 1969, over five months after the order in question, the Government sought to reopen the suppression hearing, alleging newly discovered evidence. In the exercise of discretion, the trial judge denied the motion to reopen the hearing, and the Government once again appealed, citing the Omnibus Crime Act as the basis for jurisdiction. Appellee, while admitting that the first appeal was proper, has moved to dismiss this case for lack of jurisdiction.

■ As amended by the Omnibus Crime Act, 18 U.S.C. § 3731 (Supp. IV 1965–1968) provides, in pertinent part:

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

\* \* \* \* \* \*

"From an order, granting a motion for return of seized property or a motion to suppress evidence, made before the trial of a person charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant."

It is clear that this appeal from the refusal of the trial court to reopen the suppression hearing does not fall within the literal language of the section, for it is not an appeal "from an order, granting \* \* \* a motion to suppress evidence." The Government asserts, however, that the section should be construed to include this case, since this ruling is in effect an order denying the Government the use of evidence at trial. If the only purpose of the amendment were to allow the Government to bring successful prosecutions when the trial judge has erroneously suppressed evidence, the contention would have force. But the statutory history of the provision[2] indicates that the overriding purpose of the amendment was to deal with the harmful effects on the practice and development of the law of suppression growing out of the absence of a Government appeal. These evils include inconsistent rulings at the trial level; the development of the law of suppression rulings, which Congress rightly viewed as a rapidly changing area, at the District Court level, without the benefit of appellate review; and the dilemma of the prosecutor in choosing whether to follow what he believes to be an unwise limitation on the prosecution or defying it in the hope of convincing a second judge that the first ruling was in error. None of these purposes would be served by allowing an appeal of the order in question here, which does not involve the difficult and unsettled area of suppression rulings.

This case must be approached with the basic premise being "the concept that in the federal jurisprudence, at least, appeals by the Government in criminal cases are something unusual, exceptional, not favored." Carroll v. United States, 354 U.S. 394, 400, 77 S. Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957). The 1968 amendment, characterized by its sponsor as conferring upon the Government only "carefully defined and limited rights of the appeal in criminal

---

1. 82 Stat. 237, 18 U.S.C. § 3731 (Supp. IV 1965–1968).

2. This provision was not originally a part of either the House or Senate bills. It was added to the Senate bill by an amendment proposed by Senator Allott of Colorado, 114 Cong.Rec. S6280–S6283 (daily ed. May 23, 1968), and the bulk of the contemporary legislative history is found in the Senator's remarks, and in the excerpts from The Challenge of Crime in a Free Society quoted by the Senator. The remarks indicate that the amendment was closely patterned on H.R. 8654 which passed the House in the first session of the 90th Congress, and that debate in turn indicates that it was based on S.Rep. 1478, 85th Cong., 2d Sess. 14–17 (1958).

cases,"[3] is not a retreat from that policy; instead, it is a limited exception to it, and as such is to be narrowly construed.[4] Since this appeal falls within neither the language nor the primary purpose of the amendment, we hold that jurisdiction is lacking and order the appeal dismissed.

So ordered.

---

3. 114 Cong.Rec. at S6281 (daily ed. May. 23, 1968).

4. "[T]he Criminal Appeals Act is strictly construed against the Government's right of appeal. Will v. United States, 389

U.S. 90, 96–97, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967).