UNITED STATES of America, Plaintiff-Appellant,

v.

John P. CALANDRA, Defendant-Appellee.

No. 71-1999.

United States Court of Appeals, Sixth Circuit.

Feb. 15, 1972.

Frederick M. Coleman, U. S. Atty., Cleveland, Ohio, David Margolis, Robert D. Gary, Steven R. Olah, Roger A. Pauley, Shirley Baccus-Lobel, Attys. United States Dept. of Justice, Washington, D. C., for appellant on the brief.

Robert J. Rotatori, Cleveland, Ohio, for appellee on motion to dismiss.

Before WEICK, EDWARDS and KENT, Circuit Judges.

PER CURIAM.

Appellee Calandra has moved to dismiss the Government's appeal for lack of jurisdiction. The appeal had been taken from an order of the District Court, 332 F.Supp. 737, granting Calandra's pre-indictment motion to suppress evidence and to return property illegally seized. The ground of the motion to dismiss is that Title 18 U.S.C. § 3731 authorizes an appeal by the Government from a suppression order only in a criminal case and that his motion was not filed in such a case.

The Grand Jury was investigating federal crimes. It subpoenaed Calandra, who refused to testify, invoking his right under the Fifth Amendment not to incriminate himself. The Government petitioned the District Court to grant him immunity under 18 U.S.C. § 2514 and to compel his testimony before the Grand Jury. Before this petition was acted upon, Calandra filed a Request for Postponement of Hearing on Application for Immunity, claiming a violation of his Fourth Amendment rights because of an unlawful search of his business premises and claiming that the questions which the Government sought to compel him to answer were derived from the unlawful search. The Court granted a postponement and set the matter for oral hearing.

Prior to the hearing Calandra filed a Motion to Suppress and Return Property Illegally Seized, which motion the Court granted over the objection of the Government, the Government claiming that the motion had been prematurely filed before indictment and that Calandra as a witness had no standing to raise the Fourth Amendment issue and to delay and frustrate the Grand Jury investigation.

The Court held that the search warrant was invalid, suppressed the evidence, and ordered the return of the property. It authorized Calandra to refuse to answer questions based on the seized evidence. Substantial questions are involved in the appeal.

The petition for immunity was docketed as a criminal action under the title of In Re Application for Immunity of John P. Calandra, CR 71–300. Calandra's request for postponement and his motion to suppress were filed in said action, and all further proceedings were conducted therein.

Calandra in his brief in support of the motion relies on the provisions of the Omnibus Crime Control Act, as amended June 19, 1968, 18 U.S.C. § 3731, which provide as follows:

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

. . .

"From an order, granting a motion for return of seized property or a motion to suppress evidence, made before the trial of a person charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant."

Calandra argues that he has not been charged with a violation of any law of the United States and that no charge is

pending against him, hence the appeal was not authorized. He contends that the statute should be strictly construed. The only trouble with this contention is the fact that Section 3731 was liberalized by amendment, effective January 2, 1971, materially changing it so as to provide:

> "An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. . . ." (Jan. 2, 1971, Pub.L. 91–644, Title III, § 14(a), 84 Stat. 1890.)

The 1971 amendment further provides that it shall be liberally construed to effectuate its purposes. Prior to this amendment a strict construction had been adopted. *See e. g.* United States v. Greely, 134 U.S.App.D.C. 196, 413 F.2d 1103 (1969).

A pre-indictment motion to suppress is unusual. Rule 41(e) contemplates that it shall be filed before trial or hearing.

■■ We think that the legislative intent was to allow the Government to appeal from any order of the District Court suppressing evidence and ordering the return of seized property except those orders made during trial on an indictment or information. S.Rep. 91–1296 (91st Cong., 2d Session), p. 3. Orders made during the trial could always be reviewed on appeal from a conviction.

Congress was aware of the restrictive judicial interpretations of earlier versions of Section 3731, and adopted the 1971 amendment to avoid them. S.Rep. 91–1296 at 18.

A Grand Jury investigation might well be regarded as a criminal proceeding, particularly by the person who is the subject of it. The Clerk of the District Court so regarded it in docketing the filings in the case at bar.

We are of the opinion that in the present case an appeal also lies under 28 U.S.C. § 1291. If, as Calandra contends, his motion to suppress was not filed in a criminal case, then it must have been filed in an independent plenary proceeding in which a final order is appealable under Section 1291.

In United States v. Wallace & Tiernan Co., 336 U.S. 793, 69 S.Ct. 824, 93 L.Ed. 1042 (1949), the Court stated:

> "To some extent both phases of the contention—scope of the order and its appealability—depend upon whether the proceeding was handled by the court as an independent plenary proceeding or one to suppress evidence at a forthcoming trial. For a judgment in an independent plenary proceeding for return of property and its suppression as evidence is final and appealable and the scope of relief in such a case may extend far beyond its effect on a pending trial; but a decision on a motion to return or suppress evidence in a pending trial may be no more than a procedural step in a particular case and in such event the effect of the decision would not extend beyond that case. Whether a motion is to be treated as independent and plenary or as merely a procedural step in a pending trial must be determined by particular circumstances. See Cogen v. United States, 278 U.S. 221 [49 S.Ct. 118, 73 L.Ed. 275]." (*Id.* at 802, 69 S.Ct. at 829).

In Cogen v. United States, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275 (1929), the Court stated:

> "The independent character of the summary proceedings is clear, even where the motion is filed in a criminal case, whenever the application for the papers or other property is made by a

stranger to the litigation, compare Ex parte Tiffany, 252 U.S. 32 [40 S.Ct. 239, 64 L.Ed. 443]; Savannah v. Jesup, 106 U.S. 563 [1 S.Ct. 512, 27 L. Ed. 276]; Gumbel v. Pitkin, 113 U.S. 545 [5 S.Ct. 616, 28 L.Ed. 1128]; or wherever the motion is filed before there is any indictment or information against the movant, like the motions in Perlman v. United States, 247 U.S. 7 [38 S.Ct. 417, 62 L.Ed. 950], and Burdeau v. McDowell, 256 U.S. 465 [41 S.Ct. 574, 65 L.Ed. 1048]; or wherever the criminal proceeding contemplated or pending is in another court, like the motion in Dier v. Banton, 262 U.S. 147 [43 S.Ct. 533, 67 L. Ed. 915]; or wherever the motion, although entitled in the criminal case, is not filed until after the criminal prosecution has been disposed of, as where under the National Prohibition Act a defendant seeks, after acquittal, to regain possession of liquor seized. And the independent character of a summary proceeding for return of papers may be so clear, that it will be deemed separate and distinct, even if a criminal prosecution against the movant is pending in the same court. This was true in Essgee Co. of China v. United States, 262 U.S. 151 [43 S.Ct. 514, 67 L.Ed. 917], where the petition was entitled as a separate matter and was referred to by the court as a special proceeding." (*Id.* at 225–226, 49 S.Ct. at 120).

See also United States v. Filing, 410 F.2d 459 (6th Cir. 1969).

In the present case it is clear that since no indictment was pending, the motion to suppress was heard and determined in an independent plenary proceeding.

While the notice of appeal stated that the appeal was taken under Section 3731, it may be amended, if necessary, to include Section 1291. In re Wyse, 340 F. 2d 719 (6th Cir. 1965).

Important questions of law have been raised in this case which the Govern-ment should have the right to have reviewed by an appellate court.

The motion to dismiss the appeal is denied.