UNITED STATES of America, Appellant,

v.

Howard TAYLOR, Appellee.

No. 76–1501.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1976.

Decided Nov. 11, 1976.

G. Roderic Anderson, Asst. U. S. Atty., Omaha, Neb., for appellant; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on brief.

Richard J. Bruckner, Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by the Government, pursuant to 18 U.S.C. § 3731, from an order of the trial court dated May 12, 1976, reading:

Pursuant to the Memorandum filed this date,

IT IS ORDERED that the defendant's Motion for a New Trial is sustained.

IT IS FURTHER ORDERED that the defendant's Motion for Judgment of Acquittal is overruled.

Defendant was tried to a jury and convicted on each of two counts of an indictment. Count I charged carnal knowledge of Nancy Anne Guziec forcibly and against her will, in violation of 18 U.S.C. § 2031. Count II charged carnal knowledge of Nancy Anne Guziec, a mentally retarded female, the defendant having knowledge of such mental retardation, in violation of 18 U.S.C. § 13, and § 28–901, Nebraska Revised Reissued Statutes of 1943, Cumulative Supplement of 1974. Both counts are based on the same sexual assault.

The threshold issue presented is whether the May 12, 1976, order is an appealable order under 18 U.S.C. § 3731. Such statute, in pertinent part, reads:

In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

.     .     .     .     .

The provisions of this section shall be liberally construed to effectuate its purposes.

The Government, in support of jurisdiction, asserts that the court in a memorandum opinion contemporaneously filed with the order erred in determining that it had previously committed error in overruling defendant's motion to require plaintiff to elect which count it desired to pursue. The Government takes the further position that this post-trial determination of the district court in effect amounted to a dismissal of a count of the indictment. It is true that the court in its memorandum discusses at some length its view that it erred in determining the counts stated separate offenses and that the motion to elect was improperly overruled. The court in the memorandum additionally indicates that prejudicial error was committed by the prosecution in producing evidence that two acts of rape occurred on the date charged in the indictment.

The principal basis for the granting of the new trial is thus stated by the trial court:

Though the indictment is in two counts it was established, *supra,* that both counts originally related to the single alleged act of rape occurring in the afternoon hours of June 28th. The record establishes that both the defendant and the government were surprised by the prosecutrix's testimony of a second act of rape occurring on the day in question. There is absolutely no question that both acts of rape are within the terms of the indictment and there is no way of determining, now, that the defendant was not convicted of a criminal act which he was unprepared to defend against.

.     .     .     .     .

However, from the foregoing discussion it should be obvious that the defendant in this case had no prior notice that a second act of rape would be in issue on trial. Since both offenses were submitted to the jury it is clear that the defendant was denied proper notice of the charges against him, and that he was thereby substantially prejudiced in the presentation of his defense.

We find nothing in the memorandum opinion to indicate that it was the view of the trial court that the defendant was entitled to a dismissal or an acquittal as to either count, rather than a new trial. Nor is there any indication which count cannot be pursued. The Government in its brief specifically states that it "does not challenge the Court's requirement of a retrial of the defendant."

■ We agree with the Government's contention that the court in examining an order appealed from can look behind the label placed by the lower court on its order to determine the substance and effect of the order. *See United States v. Lasater*, 535 F.2d 1041, 1047 (8th Cir. 1976). Such holdings are of no help to the Government. Here the substance of the order clearly reflects that no judgment of acquittal or dismissal was entered with respect to either count.

■ The appeal is from the order hereinabove set out. If the order were ambiguous, possibly the memorandum opinion could be used to determine the intent of the court in issuing the order. We find no ambiguity whatsoever in the order. The order clearly denies the motion for acquittal and grants a new trial. The court in its memorandum opinion determined "the evidence adduced at trial was sufficient to allow a reasonable person to conclude that the defendant was guilty of *either* of the counts of the indictment." It is apparent that the motion for acquittal was denied upon the basis of such finding. Moreover, we find nothing in the memorandum opinion which would indicate an intention on the part of the trial court to dismiss one or more of the counts of the indictment. Since the pertinent order does not dismiss any count of the indictment, no appeal from such order lies under 18 U.S.C. § 3731.

The General Appeals Statute, 28 U.S.C. § 1291, affords no jurisdiction in the present situation. It is well-established law that courts of appeal will entertain appeals only from final judgment and that an order granting a new trial is not a final judgment.

We hold that this court has acquired no jurisdiction to entertain this appeal and that the appeal must be dismissed for want of jurisdiction.

Our holding of want of jurisdiction ends the consideration of this case. We have no authority to issue advisory opinions. We do not reach or decide the various substantial issues raised by the parties on the merits, such as whether the crimes charged in the two counts constitute a single crime or two crimes, whether the Government should be required to elect upon which count to proceed, and whether jurisdiction exists under the Assimilative Crimes Act, 18 U.S.C. § 13, with respect to the crime charged in Count II, and if so, whether the evidence is sufficient to support a Count II conviction. Such issues remain open for reconsideration by the trial court upon retrial of the case.

This appeal is dismissed for want of jurisdiction.