UNITED STATES, Appellant,

v.

**Gregory A. JONES, Appellee.**

**No. 79–927.**

District of Columbia Court of Appeals.

Argued June 17, 1980.

Decided Nov. 3, 1980.

Christopher A. Myers, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and James M. Hanny, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellant.

Randy I. Bellows, Public Defender Service, Washington, D. C., with whom Silas J. Wasserstrom, Public Defender Service, Washington, D. C., was on the brief, for appellee.

Before KELLY and NEBEKER, Associate Judges, and BOWERS, Associate Judge, Superior Court of the District of Columbia.*

NEBEKER, Associate Judge:

The United States has filed an appeal from the trial court's refusal to reconsider its order vacating appellee's conviction and dismissing the indictment. On the merits, the government argued that the trial court erred in dismissing the indictment based on a technical, unintentional violation of the Interstate Agreement on Detainers Act (IAD), D.C.Code 1973, § 24–701. We dismiss the appeal for lack of jurisdiction.

* Sitting by designation pursuant to D.C.Code 1973, § 11–707(a).

On April 4, 1977, a complaint and arrest warrant were issued in Superior Court charging appellee with rape and related offenses. The following day, the appellee was arrested in Maryland on an unrelated homicide charge. On April 26, 1977, a detainer was lodged against him with the Montgomery County Detention Center where he was being held.

On July 21, 1977, the appellee was taken into custody by the District of Columbia Police and presented in Superior Court on the following day. A grand jury indicted appellee on August 10, 1977, and he was arraigned on these charges on September 2, 1977. Sometime later, appellee was returned to Montgomery County where he was convicted of murder and sentenced to life imprisonment on December 29, 1977.

Appellee immediately began serving his sentence at the Maryland State Penitentiary until he was returned to District of Columbia custody on June 21, 1978, pursuant to a writ of *habeas corpus ad prosequendum* issued on May 24, 1978, by the District of Columbia Superior Court. Trial was set but appellee, rather inexplicably, was sent back to Maryland on August 10, 1978, before trial. A second writ of *habeas corpus ad prosequendum* was issued and appellee was once again brought to the District of Columbia.

The trial was set for January 1979. In the interim, appellee filed a *motion to dismiss* the indictment based on a violation of Articles III(d) and IV(e) of the IAD, on November 9, 1978. The motion was dismissed without prejudice on January 16, 1979. On January 22, 1979, the jury returned a verdict of guilty on charges of rape, sodomy, and robbery. On March 5, 1979, appellee renewed his motion for dismissal of the indictment based on the IAD violations, a hearing was held, and the motion was granted on March 27, 1979, supplemented by written opinion issued on April 4, 1979.

On August 7, 1979, the government filed a motion for reconsideration of the dismissal based on an intervening decision by another Superior Court judge in a similar case which was inapposite to the trial judge's decision in this case. The motion was denied and on August 10, 1979, the government filed a notice of appeal of the trial judge's denial of reconsideration.

At oral argument, counsel were invited to address the question whether D.C.Code 1973, § 23–104(c) limits the government's right to appeal in this case, in light of the decision in *United States v. Greely*, 134 U.S.App.D.C. 196, 413 F.2d 1103 (1969).[1] In that case, the court held that existing provisions of the Omnibus Crime Control and Safe Streets Act, Pub.L.No.90–351, Title VIII, § 1301, 82 Stat. 237 (1968), did not authorize a government appeal from the refusal of the trial court to reopen a suppression hearing because such an appeal was not sanctioned by the language of the statute. Title 18 U.S.C. § 3731 (Supp. IV 1965–1968), the statute involved in that case, provided in pertinent part:

> An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

> *       *       *       *       *       *

> From an order, granting a motion for return of seized property or a motion to *suppress evidence*, made before the trial of a person charged with a violation of any law of the United States, if the United States attorney certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of the charge pending against the defendant. [Emphasis added.]

Section 23–104(c), a part of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L.No.91–358, 84 Stat. 473, was enacted to ensure the government's right to appeal from an order dismissing an indictment or information. That section provides:

1. This court may, sua sponte, take note that it lacks jurisdiction to hear an appeal. *In re*

*Estate of Dapolito*, D.C.App., 331 A.2d 327, 328 (1975).

The United States or the District of Columbia may appeal an order dismissing an indictment or information or otherwise terminating a prosecution in favor of a defendant or defendants as to one or more counts thereof, except where there is an acquittal on the merits.

The government argues that D.C.Code 1973, § 23–104(c), permitting appeal from dismissal of an indictment, ought to be applied expansively in this case because Congress overruled *Greely* by statute, Pub.L. No.91–644, Title III § 14(a), 84 Stat. 1890 (effective Jan. 3, 1971), as too narrow a construction of the government's right to appeal suppression orders. *See* S.Rep.No. 91–1296, 91st Cong., 2d Sess. 2 (1970). Since the same Congress, argues the government, also cited *Greely* when similarly amending D.C.Code 1967, § 23–105(b) (Supp. II 1969) [now § 23–104(a)(1)], the provision contained in § 23–104(c) for appeal of indictment dismissals should also be interpreted expansively to allow this appeal. *See* H.R.Rep.No.907, 91st Cong., 2d Sess. 111 (1970).

■ Judicial expansion of this statute to permit appeal from a motion to reconsider an order dismissing an indictment is not tenable. The United States cannot appeal in a criminal case without express congressional authorization. *United States v. Martin Linen Supply Company*, 430 U.S. 564, 568, 97 S.Ct. 1349, 1352, 51 L.Ed.2d 642 (1977). The trial court's refusal to reconsider its initial order was not an order within the meaning of the statute. The language of the statute must be literally construed; it does not encompass other orders which may have the practical effect of achieving a similar or identical result. *See United States v. Alberti*, 568 F.2d 617, 621 (2d Cir. 1977); *United States v. Taylor*, 544 F.2d 347 (8th Cir. 1976). The judge's action from which the government appeals is not an order "dismissing an indictment or information or otherwise terminating a prosecution in favor of a defendant." D.C.Code 1973, § 23–104(c). The dismissal order which was appealable under the statute was issued on

March 27, 1979, and the government failed to note its appeal within the required ten days, irrevocably terminating the proceeding. D.C.App.R. 4 II(b)(1) & (2).

The government argument that § 23–104(c) should be liberally construed is founded primarily on an analogy between 18 U.S.C. § 3731 (1976), as amended by Congress in 1971, and D.C.Code 1973, § 23–104(a)(1), as amended by Congress in 1970 in place of D.C.Code 1967, § 23–105(b) (Supp. II 1969). The legislative history of both amendments reveals a congressional intent that they should be read broadly and not narrowly as the court in *Greely* had interpreted the prior statutory language. S.Rep.No.91–1296, *supra* at 37; H.R.Rep. No.907, *supra.* These amendments and the legislative history thereof, however, apply to orders denying the use of evidence at trial. To that extent, the court's decision in *Greely* may have been statutorily overruled. But to permit that rationale to apply also to an order dismissing an indictment violates the fundamental axiom in *United States v. Martin Linen Supply Co., supra.* It is true that 18 U.S.C. § 3731, as amended, contains a new section stating that "the provisions of this section shall be liberally construed to effectuate its purposes." *See United States v. Robinson*, 593 F.2d 573 (4th Cir. 1979); *United States v. Calandra*, 455 F.2d 750 (6th Cir. 1972). However, there is no such provision in D.C.Code 1973, § 23–104. The separate provisions of § 23–104 are to be read independently.

Despite this legislative attack on *Greely* and the expansion in recent years of the government's right to appeal,[2] the guarded notion echoed in *Greely* that appeals are unusual, exceptional, and not favored has not been overruled and is still applicable in this instance. *See Will v. United States*, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967); *Carroll v. United States*, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442 (1957); *United States v. Shields*, D.C.App., 366 A.2d 454 (1976).

For this reason, we cannot agree that Congress intended to expand the govern-

---

2. *District of Columbia v. M. E. H.*, D.C.App., 312 A.2d 561 (1973) (Nebeker, J., concurring).

ment's right to appeal from the granting of a suppression motion to a right of the government to appeal from the dismissal of an indictment, by way of an appeal of a motion to reconsider the dismissal. Furthermore, the underlying purposes of permitting a government appeal which are discussed in *Greely* are inapplicable in this case because those principles apply to suppression evidence and not to dismissals in conformity with the legislative directive contained in the IAD.[3]

Therefore, the trial court's refusal to reconsider its dismissal of the indictment in response to the government's motion was not an appealable order within the meaning of D.C.Code 1973, § 23–104(c). Notice of appeal was due within ten days of the trial court's order dismissing the indictment on March 27, 1979. The requirement that an appellant file timely notice of appeal is mandatory and jurisdictional. *West v. United States*, D.C.App., 346 A.2d 504, 506 (1975). The failure to file timely notice of appeal pursuant to D.C.App. R. 4 II(b)(1) deprives this court of jurisdiction to hear the appeal.[4] *Brown v. United States*, D.C. App., 379 A.2d 708 (1977).

Accordingly, the appeal is

*Dismissed.*

---

**3.** The court in *Greely* noted that the evils intended to be remedied by permitting government appeals were "inconsistent rulings at the trial level; the development of the law of suppression rulings ... without the benefit of appellate review; and the dilemma of the prosecutor in choosing whether to follow what he believes to be an unwise limitation on the prosecution or defying it in the hope of convincing a second judge that the first ruling was in error." *United States v. Greely, supra*, 134 U.S.App. D.C. at 197, 413 F.2d at 1104.

**4.** We take special note of the fact that the motion to reconsider was filed beyond the ten–day notice of appeal time in the rule. Accordingly, we are not confronted with whether our rule and § 23–104(c) can be construed in the same was as the Supreme Court construed the federal counterparts in *United States v. Dieter*,

429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976), and *United States v. Healy*, 376 U.S. 75, 84 S.Ct. 553, 11 L.Ed.2d 527 (1964).

We have held, however, in *Jackson v. United States*, D.C.Mun.App., 119 A.2d 721, 722 (1956), that neither this court nor the trial court has the power to enlarge the time for filing a notice of appeal in a criminal case (absent application of the excusable neglect provision of D.C.App. R. 4 II(b)(3)).

We note that the Superior Court Criminal Rules do not provide for a reconsideration motion. Even if those rules had such a provision, the notice of appeal time would not be tolled under our rules. *See* D.C.App. R. 4 II(b)(2). Absent a rule permitting a reconsideration motion, a trial court judge is not obliged to entertain or act on such a motion.