Charles F. STUART, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2433.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 14, 1959.

Decided Jan. 12, 1960.

Thomas G. Laughlin, Washington, D. C.,
for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11-776(b).

QUINN, Associate Judge.

Appellant was charged with reckless driving [1] and driving under the influence of intoxicating liquor.[2] The jury acquitted him on the former charge. Of the latter, appellant was convicted and has appealed. He maintains that he was prejudiced by the police officers' testimony that he had refused to submit to a sobriety test, as provided for in Code 1951, § 40-609a (Supp. VII), and by the comments of the prosecutor upon that refusal. The statute was signed into law for the District of Columbia on March 4, 1958, and this is the first case concerning it that has come before us.

The police officers testified that at the scene of the accident appellant agreed to take a sobriety test but when taken to po-

1. Code 1951, § 40-605(b).

2. Code 1951, § 40-609(b) (Supp. VII).

lice headquarters, he refused. Objection to this testimony was made. In his closing argument the prosecutor stated:

> " '[W]e hear in all the cases that the defendant had only one or two drinks; can't we reasonably infer that he refused to take the (sobriety) test because he had more to drink than he stated?' "

Appellant's objection to this statement was also overruled, and error has been generally assigned.

■■ We see two possible legal grounds to support appellant's contention. The first is that to permit this comment was to deny appellant his privilege against self-incrimination under the Fifth Amendment of the Constitution.[3] However, even if this is his claim, it need not be passed upon because to raise a constitutional point, it is necessary to do so at the first opportunity.[4] It was not raised in the trial court. Furthermore, even if that question were properly presented, it would not be reached because the case turns on another ground.

The statute provides that if, following the test, a certain percentage of alcohol is found in an individual's system, that shall constitute prima facie evidence of intoxication when certain offenses have been charged. Other evidentiary standards are also set out. The concluding section of the statute reads:

> "Nothing in this section shall be construed to require any person to submit to the withdrawal of blood, the taking of a urine specimen from him, or to a breath test."[5]

The question before us therefore is whether it can be said that a defendant makes an admission of guilt by refusing to submit to a sobriety test when charged with an offense in which the result of the test might be introduced as evidence against him. More precisely, does the assertion of this statutory right of refusal give rise to an inference of guilt because otherwise if one is innocent he would submit to the test?

■■ Evidence may sometimes be logically relevant but still inadmissible. The theory which supports the conclusion that an admission of guilt has been made is that a person has failed to respond, that is, he has failed to give a response when one would normally be forthcoming from a man who protests his innocence. But the basis for this admission is not merely his failure to respond, in one form or another, rather a failure to respond without justification, namely, without explanation or reason.[6] Thus, unexplained silence in the face of accusation, Kelley v. United States, 1956, 99 U.S.App.D.C. 13, 236 F.2d 746, flight after the commission of a crime, Liggins v. United States, 1924, 54 App.D.C. 302, 297 F. 881, or unexplained possession of recently stolen property, Inman v. United States, 1957, 100 U.S.App.D.C. 150, 243 F.2d 256, certiorari denied, 1958, 358 U.S. 888, 79 S. Ct. 132, 3 L.Ed.2d 116, all may support an inference of guilt. We come therefore to the basic question here, namely, did appellant's refusal have a justification which was sufficient to preclude an admission of intoxication or guilt? We think it did.

■ The reason for admission is an unexplained failure to respond and the ultimate question is whether appellant's assertion of his statutory right afforded adequate explanation and justification for his refusal to submit to the test. We believe

---

3. Concerning the question, see 8 Wigmore, Evidence § 2265 (3d ed. 1940). See generally, United States v. Nesmith, D.C. D.C.1954, 121 F.Supp. 758, but compare, United States v. Townsend, D.C.D.C. 1957, 151 F.Supp. 378.

4. See Yakus v. United States, 1944, 321 U.S. 414, 444, 64 S.Ct. 660, 677, 88 L. Ed. 834.

5. Code 1951, § 40–609a(e) (Supp. VII).

6. See generally, McCormick, Evidence § 247 (1954).

it did, and in reaching this conclusion we find support from the late Chief Judge Laws, when he said, "It is not reasonable to interpret an assertion of right as constituting an admission of guilt." [7] Surely, if a given right is to have significance, its invocation should not result in momentary protection only to be followed by subsequent—although perhaps logical—incrimination. We feel, therefore, that to allow testimony to that effect and comment thereon was prejudicial error.

In conclusion, we should add that a review of the history of this legislation does not indicate that Congress intended an interpretation different from that which we have here expressed.[8]

Reversed with instructions to grant a new trial.

7. United States v. Kelly, D.C.D.C.1954, 119 F.Supp. 217, 222.

8. See S.Rep. No. 460, 85th Cong., 1st Sess. (1957) ; H.R.Rep. No. 1202, 85th Cong., 1st Sess. (1957); H.R.Rep. No. 1330, 85th Cong., 2d Sess. (1958).