**UNITED STATES, Appellant,**

v.

**Michael E. JACKSON, Appellee.**

**No. 81–1094.**

District of Columbia Court of Appeals.

Jan. 19, 1982.

Charles F. C. Ruff, U. S. Atty. and John A. Terry, William J. Bowman, and Regina C. McGranery, Asst. U. S. Attys., Washington, D. C., for appellant.

Robert P. Mosteller and Arthur Leavens, Public Defender Service, Washington, D. C., for appellee.

---

Before KERN, NEBEKER, and BELSON *, Associate Judges, in chambers.

NEBEKER, Associate Judge:

The United States has noted an appeal pursuant to D.C.Code 1981, § 23–104(a)(1)[1], from a pretrial ruling suppressing evidence. Appellee Jackson has moved to dismiss the appeal on the ground that this court lacks jurisdiction because, he asserts, the United States Attorney has not certified in good faith that the evidence suppressed constitutes "substantial proof of the charge pending against defendant" and "that the appeal is not taken for purpose of delay." D.C.Code 1981, § 23–104(a)(1). We deny appellee's motion to dismiss.[2]

Jackson has been charged with first degree felony murder while armed, armed robbery, and carrying a pistol without a license. He filed a pretrial motion to suppress identification testimony by three witnesses which was granted in part. It is from that ruling the United States has appealed.

Section 23–104(a)(1) allows for a pretrial appeal by the United States or the District of Columbia from an order which returns seized property, suppresses evidence or otherwise deprives the prosecutor use of evidence at trial. The United States Attorney must certify that the appeal is not taken for delay purposes and that the evidence suppressed is a substantial proof of the charge pending against defendant.

The parties seem to agree, correctly in our view, that no decision squarely decides the contention that the certificate may be challenged and the appeal thereby be defeated. There are cases which hold failure to file the certificate is not fatal to the appeal. *See United States v. Kleve*, 456 F.2d 187 (8th Cir. 1972); *United States v. Crumpler*, 507 F.2d 624 (5th Cir. 1975).

The government finds support for its position that the certificate is inviolate in *United States v. Kleve, supra.* The court's holding was that a tardy certificate (filed after the 30-day notice of appeal period) was not a jurisdictional bar to the appeal. But, as appellee observes, the court did say that "from our examination of the record . . . the certification is factually supported." In the parlance of appellate opinions this surely suggests that a factual basis may be required and thus review to that end is permitted. However, that observation was made only in the context of the timeliness holding and in conjunction with a likewise make-weight observation that the accused suffered no prejudice from the tardiness. Thus, we think *Kleve* is no help to our decision.

We must concern ourselves with the narrow legal question whether the certificate itself can be subject to attack. We are not concerned with the reasons for the attack. It is observed that such an attack, if permitted, would be more properly made at the trial court level. The certificate is directed to the judge who granted the suppression motion. Under the federal and local interlocutory appeals provisions, 28 U.S.C. § 1292(b) and D.C.Code 1981, § 11–721(d), the trial court has an essential part in the issue of appealability. If Congress had intended to provide for a similar role in government appeals in criminal cases it could and, we think, would have so provided for in both § 23–104 and its federal counterpart 18 U.S.C. § 3731. The fact that it did not strongly suggests that the certifi-

---

* Associate Judge Belson did not participate in this decision.

1. § 23–104. Appeals by United States and District of Columbia.
     (a)(1) The United States or the District of Columbia may appeal an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecutor the use of evidence at trial, if the United States attorney or the Corporation Counsel conducting the prosecution for such violation certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and the evidence is a substantial proof of the charge pending against the defendant.

2. We have granted appellee's motion to expedite the appeal by setting a short briefing schedule and directing that argument be set as soon as the business of the court permits.

cate is not a litigation hurdle to the right of appeal by the prosecution. In the House hearings on Part I of the Court Reorganization and Criminal Procedure Act of 1970, the Committee on the District of Columbia stated, in discussing § 23–104, that "[o]ur proposal grants the prosecution the right to appeal any pretrial exclusion ruling whether based on alleged constitutional violations or other ground."[3] The inclusion of a similar certificate provision to that in 18 U.S.C. § 3731 without further comment permits a conclusion that the certificate is not subject to attack.

■ We look to other theories by which this question can be analyzed. The right to prosecution appeals is not favored and statutes permitting such appeals will be strictly construed against the right. *United States v. Shields*, D.C.App., 366 A.2d 454 (1976). Appellant, in attacking the certification, is urging us to strictly construe § 23–104(a)(1) against the government. If this approach were followed a hearing would be needed to determine the government's motive in appealing and to compare the available proof with the suppressed evidence to determine the substantiality of the latter. Thus, violence would be done to the ordinary limits on pretrial discovery of the government's evidence. In addition, an attack such as this would embroil the courts in the kind of "minitrials" found inimical to a fair and expeditious administration of justice in *United States v. Dionisio*, 410 U.S. 1, 17, 93 S.Ct. 764, 773, 35 L.Ed.2d 67 (1973), and *United States v. Washington*, D.C.App., 328 A.2d 98 (1974), *aff'd in relevant part*, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1976).

■ This issue may be analyzed in terms of separation of powers. Through this approach the certificate, like the filing of criminal charges and filing of repeat offender papers, is a function of the Executive Branch of government. It is not, absent extreme circumstances, a fulcrum point for judicial review. *District of Columbia v. Weams*, D.C.App., 208 A.2d 617 (1965); *Bordenkercher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Congress has seen fit to allow the government to appeal but has mandated that the United States Attorney, a Presidential appointee subject to Senate confirmation, determine and manifest by his certificate that the appeal is not for delay purposes and concerns a substantial proof. If the point were to be subject to threshold dispute and review, Congress would, as it has in other instances, have expressly so provided. As with filing criminal charges, the merits of the certificate are not subject to review at the threshold of the appeal.

We conclude that the question whether the appeal was taken for delay is best left to a determination in the event of conviction. This is consistent with *United States v. McDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), where it is seen that in a speedy trial issue questions such as prejudice, motive, and intent are best resolved after conviction. *See also Bethea v. United States*, D.C.App., 395 A.2d 787, 794 (1978) (Nebeker, J., concurring in result). Absent a clear expression of Congress, we hold that the prosecutor's certificate of no purposeful delay and substantial proof is not subject to attack so as to defeat the appeal. Any impact which the appeal may have on other rights of the accused must await trial court resolution and, if necessary and appropriate, be reviewed in the event of conviction.

The motion to dismiss is

*Denied.*

---

3. Page 90, Hearings on H.R. 13689 and H.R. 12854 Before the Subcomm. No. 1 of the Comm. of the District of Columbia, 91st Cong., 1st Sess. (1970).