**DISTRICT OF COLUMBIA, Appellant,**

v.

**Gregory R. McCONNELL, Appellee.**

**No. 81–1443.**

District of Columbia Court of Appeals.

Argued Aug. 30, 1982.

Reargued Oct. 29, 1982.

Decided July 18, 1983.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the briefs, for appellant.

Arthur M. Reynolds, Jr., Washington, D.C., for appellee.

Elizabeth Symonds, Washington, D.C., with whom Arthur B. Spitzer, Washington, D.C., was on the brief, for amicus curiae, American Civil Liberties Union Fund of the Nat. Capital Area.

Before NEBEKER and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

An information filed on July 29, 1981, charged appellee with, *inter alia,* operating a motor vehicle while under the influence of intoxicating liquor. D.C.Code § 40–716(b) (1981).[1] The government appeals from the trial court's order denying its pretrial motion to introduce evidence of appellee's refusal to submit to a breathalyzer test following his arrest.[2] The trial court construed the pertinent statutory scheme as affording a defendant a right of refusal and quoted *Stuart v. District of Columbia,* 157 A.2d 294, 296 (D.C.Mun.App.1960) to the effect that "it is not reasonable to interpret an assertion of right as constituting an admission of guilt." We reverse. As discussed in greater detail, *infra,* we hold that in view of Congress' amendment of the applicable statute in 1972—the effect of

---

1. The information also charged appellee with reckless driving, D.C.Code § 40–712(b) (1981), operating a motor vehicle without a permit, D.C.Code § 40–301(d) (1981), and operating a motor vehicle in excess of the speed limit, 18 DCMR § 2200.12 (1980).

2. On July 23, 1982, the District of Columbia Council enacted the Anti-Drunk Driving Act of 1982, specifically allowing introduction of this evidence at trial. The law took effect on September 14, 1982. This appeal, however, is not moot because the Act does not apply to any arrests occurring prior to September 14, 1982.

which significantly withdrew the right of refusal formerly provided—*Stuart* is no longer controlling and evidence of refusal is admissible.

The threshold inquiry is whether the trial court's decision is appealable. Government appeals in criminal cases, long disfavored, are possible only pursuant to express statutory authority. *See Arizona v. Manypenny,* 451 U.S. 232, 245, 101 S.Ct. 1657, 1666, 68 L.Ed.2d 58 (1981); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 568, 97 S.Ct. 1349, 1352–1353, 51 L.Ed.2d 642 (1977); *Will v. United States,* 389 U.S. 90, 96, 88 S.Ct. 269, 274, 19 L.Ed.2d 305 (1967). The government relies on D.C. Code § 23–104(a)(1) (1981), which provides:

> The United States or the District of Columbia may appeal an order, entered before the trial of a person charged with a criminal offense, which ... suppresses evidence, or otherwise denies the prosecutor the use of evidence at trial, if the United States Attorney or the Corporation Counsel conducting the prosecution for such violation certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and the evidence is a substantial proof of the charge pending against the defendant.

While we have considered the applicability of § 23–104 in various contexts, *see United States v. Jackson,* 441 A.2d 937 (D.C.App. 1982); *District of Columbia v. Onley,* 399 A.2d 84 (D.C.App.1979); *United States v. Shields,* 366 A.2d 454 (D.C.App.1976); *United States v. Anderson,* 366 A.2d 1098 (D.C. App.1976), we have thus far left open the question of its scope. *United States v. Shields, supra,* 366 A.2d at 456. We hold here that the government may appeal any pretrial evidentiary ruling excluding or suppressing evidence, provided that the terms of § 23–104(a)(1) are met, *i.e.,* the government must certify that the evidence constitutes "substantial proof of the charge pending against the defendant" and the appeal must not be taken "for purpose of delay."

Guidance in construing the parameters of D.C.Code § 23–104(a)(1) (1981) obtains from the parallel federal provision, 18 U.S.C. § 3731 (1976), which provides that "appeal by the United States shall lie ... from a decision or order of a district courts [sic] suppressing or excluding evidence ...." Prior to 1970, both the federal and the District of Columbia statutes permitted government appeals only from a trial court's decision granting a defendant's motion to "suppress" evidence. *Compare* D.C. Code § 23–105(b) (1969 Supp. II) *with* 18 U.S.C. § 3731 (1965–69 Supp. V); *United States v. Shields, supra,* 366 A.2d at 455; *see generally United States v. Greely,* 134 U.S.App.D.C. 196, 413 F.2d 1103 (1969); Note, *Government Appeal in Criminal Prosecutions: The 1970 Amendment to 18 U.S.C. § 3731,* 12 AM.CRIM.L.REV. 539, 551– 52 (1975) [hereinafter cited as *Government Appeal*]. The term "suppress" has a "rather definite and limited meaning," *United States v. Barletta,* 644 F.2d 50, 54 (1st Cir. 1981), encompassing "objections to evidence on the grounds that it was illegally obtained," e.g., as a result of an illegal search or from a confession unconstitutionally secured. *Id.* (quoting Advisory Committee Notes to FED.R.CRIM. P. 12(b)(3)). Indeed, the 1968 federal legislation, affording for the first time government appeals of pretrial orders, was enacted primarily to promote consistent development of the growing area of suppression law involving search and seizure and confession issues. *See United States v. Robinson,* 593 F.2d 573, 575 (4th Cir.1979) (appellate guidance needed in "rapidly expanding area of constitutional litigation"); *United States v. Greely, supra,* 134 U.S.App.D.C. at 197, 413 F.2d at 1104 ("overriding purpose" of § 3731 is appeal of "difficult and unsettled area of suppression rulings"); *Government Appeal, supra* at 552 (purpose of provision intended to promote uniformity in law of search and seizure). Thus, in *United States v. Greely, supra,* 134 U.S.App.D.C. at 197, 413 F.2d at 1104, the circuit court, in refusing to permit a government appeal of a denial of a motion to reopen a suppression hearing on grounds of newly discovered evidence, narrowly confined the statute so as to apply solely to

rulings on "motions to suppress." Adhering to the oft-recited axiom that government appeals in criminal cases are " 'something unusual, exceptional, not favored' " (quoting *Carroll v. United States,* 354 U.S. 394, 400, 77 S.Ct. 1332, 1336, 1 L.Ed.2d 1442 (1957)), the court held the order nonappealable because it did not "fall within the literal language of the section." *United States v. Greely, supra,* 134 U.S.App.D.C. at 197, 413 F.2d at 1104.

In response to *Greely,* Congress amended § 3731 in 1971 to provide for appeals of pretrial decisions not only suppressing but also "excluding" evidence. *See* S.Rep.No. 1296, 91st Cong., 2d Sess. 111 (1970) (amendment necessary to obviate "restrictive judicial interpretation" of statute). Also added to the section was a paragraph stating that its provisions "shall be liberally construed to effectuate its purposes." *See Government Appeal, supra* at 564. At the same time, Congress amended the District of Columbia statute in parallel terms. The House Report, H.R.Rep. No. 907, 91st Cong., 2d Sess. 111 (1970) of the Committee on the District of Columbia explained the change as follows:

> Section 23–104(a)(1) . . . relat[es] to the prosecution's rights to appeal pretrial ruling[s]. Such a provision was also enacted for the federal courts . . . (18 U.S.C. § 3731). The only change is the addition of the clause permitting appeal from a pretrial order which "denies the prosecutor the use of evidence at trial," a clause necessary to overcome the excessively narrow interpretation accorded the existing statute in *United States v. Greely,* 134 U.S.App.D.C. 196, 413 F.2d 1103 (1969) (denial of motion to reopen suppression hearing).

The question is whether these amendments were designed solely to overrule *Greely* and therefore apply only in the context of the exclusionary rule or instead were intended to broaden generally the grounds of appealable pretrial decisions. *United States v. Shields, supra,* 366 A.2d at 456; *United States v. Barletta, supra,* 644 F.2d at 56.

In *United States v. Barletta, supra,* 644 F.2d at 55–56, the First Circuit addressed this issue and, for reasons equally applicable here, decided in favor of the broader interpretation. First, the legislative history of § 3731 indicates that the phrase "order . . . suppressing or excluding evidence" is to be "read broadly." S.Rep. No. 1296, 91st Cong., 2d Sess. 18, 37 (1970), H.R.Conf.Rep. No. 1768, 91st Cong., 2d Sess. 21 (1970). Similarly, the legislative history of D.C. Code § 23–104(a)(1) (1981) provides for liberal construction of the phrase "or otherwise denies the prosecutor the use of evidence at trial." *See* H.R.Rep. No. 907, *supra.* According to testimony presented during hearings on the bill which amended § 23–104(a)(1), the amendment "grants the prosecution the right to appeal *any* pretrial exclusion ruling whether based on alleged constitutional violations *or other* ground[s]." (emphasis supplied.) *Hearings on H.R. 13689 & H.R. 12854 Before Subcomm. No. 1 of the Comm. of the District of Columbia,* 91st Cong., 1st Sess. 90 (1970); *see United States v. Jackson, supra,* 441 A.2d at 939; *United States v. Jones,* 423 A.2d 193, 195 (D.C.App.1980).

The second reason mandating liberal construction of the 1970 amendments is the now well-established body of interpretative caselaw so providing, including a decision of the Supreme Court. In *United States v. Helstoski,* 442 U.S. 477, 99 S.Ct. 2432, 61 L.Ed.2d 12 (1979), the Court considered an appeal from an order denying the government the right to introduce evidence of the defendant's performance of past legislative acts as a member of Congress. The Court, albeit without discussion, permitted the appeal because "[t]here was an order . . . excluding evidence." *Id.* at 487 n. 6, 99 S.Ct. at 2439. Other federal courts have also allowed appeals from pretrial evidentiary decisions involving no exclusionary-rule issues. *See United States v. Margiotta,* 662 F.2d 131, 141 (2d Cir.1981) (appeal from trial court's decision that evidentiary rulings would remain unchanged upon retrial); *United States v. Horwitz,* 622 F.2d 1101, 1104 (2d Cir.1980) (appeal from order re-

quiring government either to grant immunity or have testimony excluded), *cert. denied,* 449 U.S. 1076, 101 S.Ct. 854, 66 L.Ed.2d 799 (1981); *In re Grand Jury Empanelled,* 597 F.2d 851, 857 (3d Cir.1979) (order quashing subpoena duces tecum appealable where practical effect is exclusion of documents from grand jury investigation); *United States v. Day,* 192 U.S.App. D.C. 252, 258, 591 F.2d 861, 867 (1978) (appeal from partial denial of government motion to admit "other crimes" evidence); *United States v. Abraham,* 541 F.2d 624, 626 (6th Cir.1976) (appeal from denial of government motion to determine adequacy of procedures used to seal intercepted recordings); *United States v. Battisti,* 486 F.2d 961, 966 (6th Cir.1973) (appeal from order requiring government to disclose names of witnesses or suffer exclusion of testimony). In similar fashion, this court has permitted appeal under D.C.Code § 23–104(a)(1) from pretrial orders that did not, precisely speaking, "suppress" evidence. *See District of Columbia v. Onley, supra,* 399 A.2d at 84 (appeal from order excluding results of breathalyzer tests); *United States v. Anderson, supra,* 366 A.2d at 1099 (appeal from pretrial order denying witness' proposed trial testimony).

■ Because the legislative history of both D.C.Code § 23–104(a)(1) and 18 U.S.C. § 3731 "reveals a congressional intent that they should be read broadly," *United States v. Jones, supra,* 423 A.2d at 195, and because the liberal judicial interpretation accorded the federal statute logically applies and implicitly has been held to apply under the D.C. parallel provision, we hold that the government may appeal pretrial evidentiary decisions involving both exclusionary and non-exclusionary rule issues. A decision denying the use of evidence of refusal to submit to a breathalyzer test falls within the ambit of the statute. *See United States v. Barletta, supra,* 644 F.2d at 57.

■ Nevertheless, a caveat is necessary. Congress did not contemplate that appellate pretrial resolution of evidentiary issues·such as competence, relevance, or materiality would become, or should become a matter of course. *United States v. Shields, supra,* 366 A.2d at 456. Rather, § 23–104(a)(1) requires the government to certify not only that the appeal is not taken for purpose of delay, but also that the evidence constitutes "substantial proof" of the pending charge. *United States v. Jackson, supra,* 441 A.2d at 938; *see United States v. Booth,* 669 F.2d 1231, 1241 (9th Cir.1981) (suppressed identification testimony substantial proof of government's case where necessary to identify defendant as one of the robbers); *United States v. Loud Hawk,* 628 F.2d 1139, 1150–51 (9th Cir.1979) (en banc) (government's right to appeal "conditional"; suppressed evidence must be substantial proof of material fact), *cert. denied,* —— U.S. ——, 103 S.Ct. 755, 74 L.Ed.2d 972 (1983). Nor is the trial court required to rule on every pretrial evidentiary request if the question "can be decided only on the basis of detailed consideration of other evidence to be introduced at trial." *United States v. Barletta, supra,* 644 F.2d at 57.[3] Congress did not intend appellate "dress rehearsals" of any and all evidentiary issues, *United States v. Shields, supra,* 366 A.2d at 456–57, but sought only to implement a procedure whereby the government may appeal significant adverse evidentiary rulings before trial, without which appellate review is plainly foreclosed. *United States v. Barletta, supra,* 644 F.2d at 55. Our decision today does no more than acknowledge, as we must, that "the policy expressed by Congress in favor of facilitating government appeals is a strong one [that] . . . may not lightly be cast aside." *Id.* at 60.

■ We turn now to the appealability of the trial court's order denying the govern-

---

**3.** We note also that not every comment made by a trial judge during a pretrial hearing indicating the evidence he or she believes will be excluded is necessarily an "order" within the meaning of D.C.Code § 23–104(a)(1) (1981). *See United States v. Flores,* 538 F.2d 939, 943 n. 3 (2d Cir.1976); *see generally United States v. Shields, supra,* 366 A.2d at 456.

ment the right to introduce evidence of appellee's refusal to submit to a breathalyzer test following his arrest. The order excluded evidence certified by the Corporation Counsel as constituting substantial proof of the charge of operating a motor vehicle while under the influence of intoxicating liquor, *see United States v. Jackson, supra,* 441 A.2d at 938, with the further certification that the appeal was not taken for purpose of delay. The requirements of D.C. Code § 23–104(a)(1) (1981) are met; hence, the appeal is properly before us.

In excluding evidence of appellee's refusal to take a breathalyzer test, the trial court cited, and appellee primarily relies upon, *Stuart v. District of Columbia,* 157 A.2d 294 (D.C.Mun.App.1960). In *Stuart,* we held that evidence of refusal to submit to a breathalyzer test was inadmissible in a drunken driving prosecution. The statute then in effect, however, specifically provided that, "Nothing in this section shall be construed to require any person to submit to ... a breath test." D.C.Code § 40–609a(e) (1951 Supp. VII). Because express consent of the accused was required to administer the test, we construed the statute as affording a right of refusal and reasoned that "if a given right is to have significance, its invocation should not result in momentary protection only to be followed by subsequent—although perhaps logical—incrimination." *Stuart v. District of Columbia, supra,* 157 A.2d at 296. Thus, we refused to permit the government to introduce evidence of refusal.

█ In 1972, Congress repealed § 40–609a *et seq.,* enacting the District of Columbia Implied Consent Act, the provisions of which now appear at D.C.Code §§ 40–501, –507 (1981). Under the Act, an individual arrested on a charge of driving while intoxicated has a choice. The person "can submit to a chemical test and face the probability that it will be used as evidence against him in an administrative or criminal proceeding, or he can refuse to submit to the test and face immediate revocation of his driver's license [for a period of six months]." *District of Columbia v. Onley, supra,* 399 A.2d at 84; *see* D.C.Code §§ 40–502, –505 (1981). Thus, the statute no longer provides an unqualified right to refuse to submit to a breathalyzer test. Indeed, where exercise of the option to refuse results in significant sanction—a six-month revocation of one's license—the option to refuse can hardly be characterized as a "right." *Cf. People v. Paddock,* 29 N.Y.2d 504, 505, 272 N.E.2d 486, 487, 323 N.Y.S.2d 976, 977–78 (1971) (Jasen, J., concurring) (where refusal to take a blood test results in license revocation, the right of refusal "is not really a right in the sense of a fundamental personal privilege"). *Stuart,* therefore, is inapposite. Consequently, "[i]t follows that since the necessity for express consent to submit to the test has been eliminated and there is no longer a right to refuse to take the test, the failure of [the] accused to submit to the test is properly admitted into evidence." *State v. Tabisz,* 129 N.J.Super. 80, 83, 322 A.2d 453, 454 (Sup.Ct.App.Div.1974).

The purpose of the 1972 amendments support this conclusion. Congress enacted the Implied Consent Act to "substantially strengthen the District's control of the drinking driver," S.Rep. No. 1262, 92d Cong., 2d Sess. 1, 9 (1972), by significantly lessening the "difficulty of obtaining a conviction on a charge of operating a vehicle while under the influence of intoxicating liquor ...." *Id.* at 3–4. The use of a breathalyzer test, as evidence, is one of the means provided. If the person agrees to the test it seems clear that the fact of agreement and the test results may be admitted in evidence. We see no reason why evidence of refusal to submit to the test, which is constitutionally unobjectionable,[4] is not equally admissible for what it is worth. Where the purpose of the test is the use of the results, there is no basis in logic or reason for the accused to assume that refusal to take the test will not be used against him.

---

4. *South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983).

Accordingly, the trial court's order denying the government's pretrial motion to introduce evidence of appellee's refusal to take the breathalyzer test is

*Reversed.*