768 A.2d 1018 (2001)
In re F.K., District of Columbia, Appellant.
No. 00-FS-734.
District of Columbia Court of Appeals.
Argued January 31, 2001.
Decided March 22, 2001.
*1019 Rosalyn Calbert Groce, Supervisory Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellant.
Sandra K. Levick, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellee.
Before TERRY and WASHINGTON, Associate Judges, and KING, Senior Judge.
WASHINGTON, Associate Judge:
F.K., was charged with possession with the intent to distribute cocaine while armed with a dangerous weapon,[1] carrying a pistol without a license,[2] possession of an unregistered firearm,[3] and possession of unregistered ammunition.[4] On appeal, the District challenges a pre-trial court order sanctioning the District for an alleged discovery violation. Specifically, the trial court found that the District had failed to comply with Super. Ct.Crim. R. 16 by failing to preserve evidence that was material to F.K.'s defense. The trial court sanctioned the District for the discovery violation by restricting the evidence that the District could offer in opposition to F.K.'s motion to suppress tangible evidence. We hold that the ruling is not appealable, and thus dismiss the appeal.

I.
On January 15, 2000, at approximately 1:45 p.m., a semiautomatic handgun, a large clear bag containing nine small bags of cocaine, and $406.10 in U.S. currency were seized from F.K. after the car he was driving was stopped by the police for having a trunk that appeared to have been tampered with, and for displaying license plates that were not registered to the vehicle. He was subsequently arrested and charged with the aforementioned drug and *1020 gun offenses. F.K. filed two pre-trial motions with the court: 1) a motion to dismiss for discovery violations under Super. Ct. Crim. R. 16, and 2) a motion to suppress tangible evidence. Because the motion regarding discovery violations involved evidence that was relevant to the motion to suppress, the trial court first addressed that matter. F.K. contended that the District violated Super. Ct.Crim. R. 16 by failing to preserve and turn over to the defense evidence of the condition of the car F.K. was driving on the night he was stopped by the police, as well as the license tags that were on the car that evening. F.K. argued to the trial court that the District had those items in its possession, that they were material to his claim that the police obtained the contraband from him in violation of his constitutional rights, and that the District failed to preserve them for his inspection. After a hearing on the motion, the trial court found that the District had violated Super. Ct.Crim. R. 16 by failing to preserve the evidence, but declined to grant a dismissal of the case as sought by F.K. Instead, as a lesser sanction, the trial court decided to exclude testimony at the suppression hearing about the condition of the car and the attached license tags.
The District, stung by the trial court's ruling, which it felt unreasonably restricted its ability to prove that the stop and search of F.K. were reasonable under the Fourth Amendment, requested a recess to consider the possibility of an appeal. After further consideration, and based in part on comments by the trial court that it would be very difficult for the District to prevail at the suppression hearing given its ruling on the discovery motion, the District decided to appeal the ruling on the discovery motion before proceeding with the suppression hearing.

II.
The District brings this appeal pursuant to D.C.Code § 23-104, a statute that provides an exception to our general rule prohibiting appeals to this court of adverse pre-trial orders in criminal cases. Section 23-104(a)(1) provides:
The United States or the District of Columbia may appeal an order, entered before the trial of a person charged with a criminal offense, which directs the return of seized property, suppresses evidence, or otherwise denies the prosecutor the use of evidence at trial, if the United States Attorney or the Corporation Counsel conducting the prosecution for such violation certifies to the judge who granted such motion that the appeal is not taken for purpose of delay and the evidence is a substantial proof of the charge pending against the defendant. [Emphasis added.]
Therefore, in order for the District to invoke this court's jurisdiction to review a pre-trial order of the trial court in a criminal case, the order from which the District appeals must deny the prosecutor the use of evidence at trial that is a substantial proof of the charge pending against the defendant.[5]
Here, the District admitted in its pleadings, as well as during oral argument, that the testimony of the police officers about the condition of the car and its license tags was not evidence that constituted a substantial proof of the underlying gun and drug charges faced by F.K. at trial. Instead, the District argues that without the *1021 excluded evidence, F.K.'s motion to suppress likely would be granted, and the tangible evidence needed at trial to prove the essential elements of the charged crime would be suppressed.[6] While the District's assessment of its likelihood of prevailing at the suppression hearing might ultimately prove correct, this court is not authorized to engage in such speculation when it comes to construing its jurisdiction under D.C.Code § 23-104(a)(1). To accept the government's argument that the trial court's order excluding certain testimony in a suppression hearing is tantamount to granting a motion to suppress evidence at trial would place this court in the position of deciding, in the first instance, whether the evidence that the government might still offer at the suppression hearing is insufficient as a matter of law to establish the requisite reasonable suspicion and/or probable cause to justify the stop and search of F.K.'s car. That is not our role. In this case, because there was no hearing on the motion to suppress, there is neither a record nor a final appealable order as contemplated by D.C.Code § 23-104(a)(i) for us to review. See United States v. Williams, 697 A.2d 1244, 1247 (D.C.1997).
While it is true that we have generally construed this provision of the statute broadly, see District of Columbia v. McConnell, 464 A.2d 126 (D.C.1983); Williams, 697 A.2d at 1247, there are sound policy reasons for construing our jurisdiction more narrowly under the circumstances presented in this case. Paramount among these is the avoidance of multiple pre-trial appeals in the same criminal case. See United States v. Hammond, 681 A.2d 1140, 1143 n. 3 (D.C.1996). In this case, for example, even if we were to grant the District the relief it seeks, it is still possible that the trial court could grant F.K.'s motion to suppress on other grounds. If that were to happen, the District might well choose to appeal that decision and we would again be faced with a pre-trial appeal regarding whether the contraband seized from F.K. is admissible at trial.
The District suggests that this court cannot refuse to decide this appeal because the District certified in good faith that the trial court's ruling deprives it of "evidence" at trial and that the appeal is not taken for the purpose of delay. While it is true that we generally do not look behind certifications made by prosecutors pursuant to D.C.Code § 23-104(a)(1), see United States v. Jackson, 441 A.2d 937, 938-39 (D.C.1982), in a case like this, where the government admits that the evidence allegedly denied to it by the trial court's ruling is not a substantial proof of the charges faced by F.K. at trial, we cannot ignore that the certification may have been improvidently and prematurely made.
While the trial court's decision to exclude testimony about the condition of the car on the night F.K. was arrested clearly puts the District in a difficult position with respect to its ability to defend against F.K.'s motion to suppress, the fact remains that the trial court has not issued an order that denies the prosecution substantial evidence at trial as required by D.C. § 23-104(a)(1). Should the trial court ultimately determine that the District has failed to meet its burden of proving that the stop and search of F.K. was appropriate under the circumstances, the District certainly has the right to seek pre-trial review of that decision, and of any other claims of *1022 error in that proceeding that might be appropriately challenged.
Accordingly, we hold that the trial court's decision sanctioning the District by excluding evidence in a suppression hearing is not a final order that denies the District the use of substantial evidence at trial, and therefore, the District's appeal is dismissed for lack of jurisdiction.
So ordered.
NOTES
[1] D.C.Code §§ 33-541(a)(1) (1998 Repl.), 22-3202 (1996 Repl.).
[2] D.C.Code § 22-3204(a).
[3] D.C.Code § 6-2311 (1989 Repl.).
[4] D.C.Code § 6-2361.
[5] In this case, despite arguments by F.K. that the District had failed to make the required certification, the District pointed out that it had included the required certification in its Notice of Appeal. We suggest that while it might be a better practice to file the required certification to the trial judge in a separate document to prevent confusion in the future, the certification in this case was sufficient. It is at best questionable whether this practice complies with the statute. See In re J.W., 763 A.2d 1129, 1131-32 (D.C.2000). It would be a surer practice to file the required certification, properly signed, to the trial court in a separate document. In the case before us, nothing turns on strict compliance since we must dismiss in any event.
[6] The District also relies on certain comments by the trial judge indicating a belief that the District would have a difficult time meeting its burden that the stop was reasonable.